**PAYNE, Plaintiff, v. HINTON, et al, Defendants.**

Dayton Municipal Court (Civil Division).

No. 93619.   Decided September 8, 1948.

George J. Donson, Dayton, for plaintiff.
Russell E. Graham, Dayton, for defendants.

## OPINION

By McBRIDE, J.

In this case, the plaintiff seeks possession of the other half of a double house "for the immediate occupancy by the plaintiff's sister".   A ceiling rental of $17.00 per month was admitted.   Despite the use of receipts marked $17.00, the preponderance of the testimony reveals that $40.00 per month was paid and accepted for a period of ten months, resulting in an overcharge of $230.00.   In this forcible entry and detainer action, the defendant appeared but requested no affirmative relief.

In an earlier case, **Gebhart v. Roades, 49 Abs 111, 35 O. O. 426,** it was our opinion that where a tenant in an eviction action establishes by way of a counter-claim that he has paid more to the landlord in excess of the maximum ceiling than the landlord presently claims as a **default in the current monthly rent,** the landlord has received all of the rent to which he is entitled under Section 209(a) of the Housing and Rent Act and is not entitled to a writ of restitution.

That case may be distinguished from the one at bar by the fact that here we have a plaintiff seeking possession under a different sub-section of 209 for occupancy for a member of her family and not—as in the Gebhart case—for non-payment of rent. The question now presented is whether overpayment is a defense where the grounds established are for occupancy by a member of the plaintiff's family?

Our decision in the Gebhart case was based upon the expression in the first paragraph of Section 209 which provides that no action to evict may be maintained "so long as the tenant pays the rent to which the landlord is entitled * * *". A landlord who has received more than allowed by law fails to establish by a proper weight of the evidence that he has not received all of the rent "to which he is entitled". To allow a landlord to recover under such circumstances would defeat the express purpose of the Housing and Rent Act.

This would clearly be the situation in the present case were it not for the fact that the ground alleged and established is for the occupancy of the premises by plaintiff's sister. Joint Conference Report of March 24, 1948, No. 1617, on the Housing and Rent Act of Congress, as amended. Under Section 209(a)(2) of the Housing and Rent Act of 1948, the plaintiff is entitled to a writ of restitution unless the over-charges, of themselves, constitute a defense in this type of action.

Section 206 of the Act provides that "it shall be unlawful for any person to OFFER, solicit, demand, accept, or receive any rent * * * in excess of the maximum rent prescribed under Section 204 * * *". The offer of a tenant to pay the excess and the acceptance by a landlord of such excess is unlawful and a violation of the federal statute, however, the unlawful acts of the parties is no defense in an action for possession. **Justice v. Lowe, 26 Oh St 372; McGarvey v. Puckett, 27 Oh St 669.**

The tenant has a separate cause of action for recovery of the over-charges, however, it is our opinion that in cases of this type, the existence of over-charges is not a defense to an action in forcible entry and detention.

It is equally true that the weight of the testimony as to the over-charge is some indication of the absence of good faith on the part of the plaintiff in asking for the property for her sister, however, the preponderance on this point is with the plaintiff.

The Court therefore finds for plaintiff for restitution of the premises: